# SUPREME COURT OF THE UNITED STATES

## ALABAMA *v.* MICHAEL ANTHONY POWELL

### ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

No. 25–848.   Decided June 15, 2026

The motion of respondent for leave to proceed *in forma pauperis* is granted.  The petition for a writ of certiorari is denied.

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting from the denial of certiorari.

A prosecutor in this capital case made a statement in closing argument that the trial judge interpreted as a comment on properly admitted evidence.  On appeal, however, the Alabama Court of Criminal Appeals interpreted the statement as a comment on the defendant's failure to take the stand, and on that basis it reversed the defendant's conviction.  The State asks us to summarily reverse the decision below based on *United States* v. *Robinson*, 485 U. S. 25 (1988), which found no violation of the Fifth Amendment right against compulsory self-incrimination in a case with very similar facts.  The State is right: The decision below contravenes *Robinson*, and this Court should summarily reverse it.

## I

Michael Powell was convicted of first-degree murder and sentenced to death for shooting a gas station attendant during a robbery.  The State connected Powell to the murder through security-camera footage and eyewitness testimony.  Nearby security cameras provided footage of a man walking to the gas station from an apartment building just before the robbery and murder and then returning quickly to the apartment building.  When the police released photos of the suspect, two employees at the apartment building identi-

fied Powell as the person of interest. Separately, a driver who saw the suspect running away from the gas station picked Powell out of a photographic lineup. Although the State never found the murder weapon, it discovered a box of ammunition at Powell's girlfriend's house that matched a shell casing from the scene of the murder.

Faced with this evidence, Powell concocted a far-fetched scheme to point the finger at someone else. While in pretrial detention, Powell hired a fellow inmate, David Jackson, to write a letter confessing to the crime. Powell told Jackson that another detainee wanted to confess but could not write the letter himself. Powell therefore instructed Jackson to leave a blank where this person's name would later be inserted. Jackson complied, but Powell then inserted Jackson's name in the blank space. The letter purported to exonerate Powell but stated that Powell knew where to find the murder weapon.

In his closing argument at trial, Powell's counsel pointed out that the State never uncovered the murder weapon. So in rebuttal, the prosecutor told the jury, "'[y]ou know there is only one person in this room who knows where the gun is. One person, he is sitting over there. That guy knows where the gun is.'" No. CR–20–727 (Ala. Ct. Crim. App., May 3, 2024), App. to Pet. for Cert. 12a (App.). Defense counsel objected on the ground that the prosecutor had impermissibly commented on his client's decision not to testify. Outside the presence of the jury, the prosecutor explained that he had referred only to the false confession letter, not to Powell's silence. *Id.*, at 12a–13a ("'The David Jackson letter says that David Jackson told him where the gun is'"). The trial court accepted that explanation "'depending on what comes next of course.'" *Id.*, at 13a. Then, back in the presence of the jury, the prosecutor said "'[t]here is one man in this courtroom who knows where that gun is, one man and he is sitting right over there next to that jury box. You remember that letter from David

Jackson?'" *Ibid.* (emphasis deleted). Defense counsel once again objected, and the trial court overruled the objection.

The Alabama Court of Criminal Appeals reversed because, in its view, the prosecutor had impermissibly commented on the defendant's silence. In its discussion, the Alabama Court cited both the United States and Alabama Constitutions. *Id.*, at 16a. It also cited both Alabama and federal case law. *Id.*, at 16a–21a. Ultimately, the court concluded that the "State's direct comment on Powell's right not to testify requires this Court to reverse" because this "type of comment . . . is forbidden under the Constitution." *Id.*, at 24a. The court did not specify which Constitution it meant.

## II

The Fifth Amendment protects a criminal defendant from being "compelled in any criminal case to be a witness against himself." In *Griffin* v. *California*, 380 U. S. 609 (1965), we held that a prosecutor's comment on a defendant's failure to testify can violate the Fifth Amendment privilege against self-incrimination. Then, in *Robinson*, this Court clarified the narrow scope of *Griffin*'s rule. We explained that "[w]here the prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant's silence, *Griffin* holds that the privilege against compulsory self-incrimination is violated." *Robinson*, 485 U. S., at 32. But when the "prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege." *Ibid.*

In this case, the Alabama Court of Criminal Appeals charted a different course. Even though the trial court interpreted the prosecutor's statement as a reference to the false confession letter, App. 12a–13a, the appellate court interpreted the statement as a "direct comment on Powell's right not to testify." *Id.*, at 24a. This holding ignores *Rob-*

*inson*'s instruction that an appellate court may not "substitute its reading of ambiguous language for that of the trial court and counsel." 485 U. S., at 31. Likewise, the Alabama Court of Criminal Appeals held that the "State's direct comment on Powell's right not to testify requires this Court to reverse." App. 24a. Yet *Robinson* rejected the "view that any 'direct' reference by the prosecutor to the failure of the defendant to testify violates the Fifth Amendment." 485 U. S., at 31. Because the Alabama Court of Criminal Appeals' decision contradicted *Robinson*, I would grant certiorari and summarily reverse.

Respondent defends the judgment below as resting on Alabama law. But the Alabama Court of Criminal Appeals cited the United States and Alabama Constitutions alongside federal and state case law. App. 16a–21a. The decision below never suggested that the "federal cases [we]re being used only for the purpose of guidance" or that they did "not themselves compel the result that the court . . . reached." *Michigan* v. *Long*, 463 U. S. 1032, 1041 (1983). In such situations, where federal and state law are "'interwoven,'" we "'accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.'" *Florida* v. *Powell*, 559 U. S. 50, 56–57 (2010) (quoting *Long*, 463 U. S., at 1040–1041). I would follow that presumption here and summarily reverse the decision below because it contradicts our Fifth Amendment precedent.

If there were any lingering doubt about the basis for the judgment below, we could remand for the Alabama Court to clarify whether its decision rested on federal or state law. See, *e.g.*, *Capital Cities Media, Inc.* v. *Toole*, 466 U. S. 378 (1984) (*per curiam*). But this Court does not take even that minimal step. Thus, I respectfully dissent from the denial of certiorari.